UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| AMERICAN FAMILY MUTUAL INSURANCE COMPANY, S.I.,<br>　　　Plaintiff,<br><br>　　v.<br><br>WILLIAM BUCKLEY, DAWN BUCKLEY, and DOWN SYNDROME ASSOCIATION OF NORTHWEST INDIANA, INC.,<br>　　　Defendants. | )<br>)<br>)<br>)<br>) CAUSE NO.: 2:21-CV-123-JVB-JPK<br>)<br>)<br>)<br>)<br>)<br>) |

## **OPINION AND ORDER**

This matter is before the Court on a Rule 12(c) Motion for Judgment on the Pleadings and Rule 12(b)(1) Motion to Dismiss [DE 22] filed by Defendants William Buckley and Dawn Buckley on June 7, 2021. Plaintiff American Family Mutual Insurance Company, S.I. ("American Family") filed a response on June 21, 2021. The Buckleys filed a reply on June 28, 2021. Defendant Down Syndrome Association of Northwest Indiana, Inc. ("DSA") has not filed any brief.

The Buckleys argue that judgment on the pleadings should be entered declaring that American Family is obligated to provide the Buckleys with a defense in underlying litigation. The Buckleys also argue that the Court should dismiss for lack of subject matter jurisdiction the request for declaratory judgment as to whether American Family has the duty to indemnify the Buckleys.

For the following reasons, the Court grants the motion as to the duty to defend William Buckley, denies the motion as to the duty to defend Dawn Buckley, and dismisses as unripe the claim for declaratory judgment as to the duty to indemnify.

## **LEGAL STANDARD**

A motion for judgment on the pleadings is evaluated under the same standard as a motion to dismiss under Rule 12(b); that is, the motion is granted if there are no material issues of fact and

"it appears beyond doubt that the plaintiff cannot prove any facts that would support his claim for relief." *N. Indiana Gun & Outdoor Shows, Inc. v. City of S. Bend*, 163 F.3d 449, 452 (7th Cir. 1998) (citing *Craigs, Inc. v. General Elec. Capital Corp.*, 12 F.3d 686, 688 (7th Cir. 1993)). In reviewing the motion, the Court is confined to the matters presented in the pleadings and considers those pleadings in the light most favorable to the movant. *Unite Here Local 1 v. Hyatt Corp.*, 862 F.3d 588, 595 (7th Cir. 2017). The Court accepts as true all of the well-pleaded facts alleged by the plaintiff and all reasonable inferences that can be drawn therefrom. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007) (discussing the standard under Rule 12(b)(6)).

## BACKGROUND

American Family initiated this cause of action by filing a complaint for declaratory judgment on April 12, 2021, to receive a determination as to the legal relationships, rights, and obligations between the parties. American Family alleges as follows.

From 2014 until October 2019, William Buckley was president of DSA, and Dawn Buckley was executive director and an employee of DSA. DSA has alleged that on or about June 28, 2019, it became aware of discrepancies in its financial records in an amount over $250,000.00. DSA claims that the Buckleys used the funds for their personal use.

Dawn and William Buckley were charged with fraud on a financial institution and theft in Lake County Superior Court under cause numbers 45G04-2006-F5-000264 (William Buckley) and 45G04-2006-F5-000265 (Dawn Buckley). Additionally, DSA filed a lawsuit against the Buckleys in Lake County Superior Court under cause number 45D04-2012-PL-000821, alleging that the Buckleys committed theft, conversion, deception, fraud on a financial institution, and breach of fiduciary duty and violated the Indiana Uniform Fraudulent Transfer Act and Uniform Prudent Management of Institutional Funds Act. DSA also alleged in the lawsuit that William Buckley

committed fraud, constructive fraud, defamation per se, and tortious interference with business relationships. DSA sought compensatory, incidental, consequential, liquidated, and punitive damages as well as attorney's fees and costs under the Indiana Crime Victim's Relief Act, Indiana Code 34-25-3-1.

American Family alleges that it issued a Homeowners Policy of Insurance and a Personal Liability Umbrella Policy of Insurance to William and Dawn Buckley in 2018. Both policies have a liability policy limit of $1,000,000.00 per occurrence. The Homeowners Policy states "[i]f a suit is brought against any insured for damages because of bodily injury or property damage cause by an occurrence to which this policy applies, we will provide a defense at our expense by counsel of our choice." (Compl. ¶ 33, ECF No. 1). The Umbrella Policy states "[i]f a suit is brought against an insured for damages because of injury caused by an occurrence to which this policy applies, we will provide a defense at our expense by counsel of our choice." *Id.* ¶ 36.

American Family argues that, under the insurance polies issued to the Buckleys, the claims raised in the lawsuit DSA brought against the Buckleys are not an "occurrence," are excluded from coverage, and are otherwise not covered by the policies. Thus, American Family asserts, it owes no insurance coverage, duty to defend, duty to indemnify either of the Buckleys as to the allegations in DSA's lawsuit. Accordingly, American Family filed the instant lawsuit requesting declaratory judgment affirming its position.

## ANALYSIS

As an initial matter, the Court must determine which state's laws apply to this case, which is in federal court under diversity jurisdiction. The Buckleys assert that Indiana law applies, and American Family does not argue that a different state's law should apply. The Court finds that Indiana law applies.

**A. Duty to Defend**

"In Indiana, an insurer's duty to defend is broader than an insurance company's coverage liability or its duty to indemnify." *Aluminum Trailer Co. v. Westchester Fire Ins. Co.*, 24 F.4th 1134, 1136 (7th Cir. 2022) (quotation marks omitted). An insurer must provide a defense unless "there is no possible factual or legal basis on which the insurer might be obligated to indemnify." *Property-Owners Ins. Co. v. Virk Boyz Liquor Stores, LLC*, 219 F. Supp. 3d 868, 873 (N.D. Ind. 2016) (applying Indiana law); *see also City of Gary v. Auto-Owners Ins. Co.*, 116 N.E.3d 1116, 1121 (Ind. Ct. App. 2018) ("The duty to defend is triggered when the complaint alleges facts that might fall within the coverage of the policy."). So long as there is one claim that falls within the scope of coverage, the insurer must provide a defense for its insured for the entire lawsuit. *Property-Owners Ins. Co.*, 219 F. Supp. at 873.

The Court "determine[s] [an] insurer's duty to defend from the allegations contained within the complaint and from those facts known or ascertainable by the insurer after reasonable investigation." *Defender Sec. Co. v. First Mercury Ins. Co.*, 803 F.3d 327, 334 (7th Cir. 2015) (applying Indiana law). "[T]he nature of the claim, not its merit, . . . establishes an insurer's duty to defend." *City of Gary*, 116 N.E.3d at 1121 (citing *Trisler v. Ind. Ins. Co.*, 575 N.E.2d 1021, 1023 (Ind. Ct. App. 1991)). "[I]f the pleadings reveal" or "the underlying factual basis of the complaint" shows "that a claim is clearly excluded under the policy, then no defense is required." *Id.* (internal citations omitted). However, ambiguous language in an insurance policy is "construed strictly against the insurer" and is viewed from the insured's perspective. *Auto-Owners Ins. Co. v. Harvey*, 842 N.E.2d 1279, 1283 (Ind. 2006).

The Buckleys assert that there may be indemnification coverage for the defamation per se claim brought in DSA's complaint, and, as a result, American Family must defend the Buckleys

4

against the lawsuit brought by DSA. This is the only claim the Buckleys put forth as triggering a duty to defend, and they argue that the duty comes from the personal injury section of the Umbrella Policy.

The Umbrella Policy provides personal liability coverage for "compensatory damages for which an insured becomes legally liable for personal injury caused by an occurrence covered by this policy" with a policy limit of $1,000,000 per occurrence. (Umbrella Policy, 2, 14, ECF No. 1-2).[1] According to the terms of the policy, "injury" means bodily injury, personal injury, or property damage; "personal injury" means, among other things, libel, slander, humiliation, or defamation of character; and "occurrence" under personal injury coverage means an accident which results, during the policy period, in personal injury. *Id.* at 4, 13.

The policy further provides that "[i]f a suit is brought against an insured for damages because of injury caused by an occurrence to which this policy applies, we will provide a defense at our expense by counsel of our choice." *Id.* at 14. However, if there is no applicable underlying insurance in effect at the time of the occurrence and the amount of damages claimed is less than the primary limit, then the policy stipulates that American Family is not obligated to provide a defense. *Id.* The policy also lists numerous exclusions.

Thus, there are several questions that must be answered to resolve the parties' dispute. Is the alleged defamation an "occurrence" under the policy? Against whom is defamation alleged? Are the damages claimed less than the primary limit? Do any exclusions apply? The Court will resolve these questions in turn.

---

[1] The page numbers listed are the numbers supplied by the Court's CM/ECF system.

5

*1. Is the Alleged Defamation an "Occurrence"?*

Per the terms of the policy and as applicable here, an occurrence is an accident which results in personal injury. (Umbrella Policy, 13, ECF No. 1-2). DSA listed a claim of defamation per se in its complaint, and defamation is a listed form of personal injury, so that part of the definition is met. American Family argues, though, that there was no "accident" and, thus, no occurrence. Accident is not defined by the policy.

American Family points to the allegations of DSA's complaint, arguing that the allegation is that "William Buckley committed defamation per se by contacting donors and making statements designed to lower DSA's reputation and discourage others from donating." (Br. Supp. Resp. 8, ECF No. 29). American Family argues that there is no accident here, only allegations of intentional action. Certainly, in Indiana, "to establish a claim of defamation, a plaintiff must prove the existence of a communication with defamatory imputation, *malice*, publication, and damages." *Wartell v. Lee*, 47 N.E.3d 381, 385 (Ind. Ct. App. 2015) (emphasis added). On first blush, it appears that American Family's argument has merit.

However, as the Buckleys identify, "[p]rovisions in an insurance policy, which are unambiguous when read within the policy as a whole, but in effect, provide only illusory coverage, should be enforced to satisfy the reasonable expectations of the insured." *Davidson v. Cincinnati Ins. Co.*, 572 N.E.2d 502, 508 (Ind. Ct. App. 1991). Because malice is an element of defamation, under the "reasonably expected set of circumstances" presented by a claim of defamation, coverage would be excluded under the terms of the policy due to the requirement of an occurrence being an accident. *See Davidson*, 572 N.E.2d at 507. Any conceivable hypothetical coverage for defamation under the terms of the policy as written is sufficiently remote that coverage for

defamation is illusory. *See Monticello Ins. Co. v. Mike's Speedway Lounge, Inc.*, 949 F. Supp. 694, 699 (S.D. Ind. 1996).

The remedy for illusory insurance coverage is to "enforce the objectively reasonable expectations of the insured." *Empire Fire & Marine Ins. Co. v. Sargent*, 211 F. App'x 506, 508 (7th Cir. 2007). Because the policy specifically lists defamation as a covered injury, it is objectively reasonable for the Buckleys to expect coverage if they are accused of it. *See Davidson*, 572 N.E.2d at 508 ("Therefore, it was reasonable for Davidson to have assumed that if he were accused of malicious prosecution or slander, he would be covered under his policy which insured for personal injury (*i.e.*, malicious prosecution and slander)."). The Court will enforce the objectively reasonable expectations of the Buckleys that the Umbrella Policy provides coverage in the event a defamation claim is brought against them.

2.  *Against Whom is Defamation Alleged?*

The Buckleys argue that DSA's defamation per se claim is brought against both of them. American Family counters that it is brought only against William Buckley and not Dawn Buckley. The claim for defamation per se is Count VIII of DSA's complaint. The relevant allegations are:

117. Subsequent to the Buckleys' removal from DSA leadership, William contacted donors to DSA and falsely stated that DSA was in shambles or "going downhill."

118. Knowing that their misappropriations had been exposed, William sought to falsely change the narrative regarding the reasons for DSA's low liquidity.

119. William's assertions were expressly designed to lower DSA's reputation in the community and discourage others from donating to, or otherwise interacting with, DSA.

120. As a proximate cause of their conduct, Plaintiff has been damaged in an amount to be proven at trial. Plaintiff is entitled to punitive damage in that the Buckleys acted with malicious intent and without justification or good cause. Wherefore, Plaintiff prays for judgement below.

7

(DSA Compl. ¶¶ 117-20, ECF No. 1-5). In DSA's request for relief, the Buckleys are treated as a unit, with no relief being requested against or in regard to only one and not the other. *See id.* at 19-20.

Probable cause affidavits filed in the state court criminal cases against the Buckleys were incorporated by reference in DSA's complaint. In the probable cause affidavit, Indiana State Police Detective Steve Nash averred that DSA's counsel, Zachary Kester, related the following to him.

> He said that the Buckley's [*sic*] were contacting donors to do damage control on their reputation and to try to start their own organization and attempt to persuade other donors to join them. Kester said that the Buckley's [*sic*] would tell these other donors that the DSA was going downhill and would ask that they come support the Buckley's [*sic*] new projects.

(DSA Compl. Ex. C at 3, ECF No. 1-5); (DSA Compl. Ex. D at 3, ECF No. 1-5).

There is no legitimate dispute regarding whether William Buckley has been sued for defamation per se. The real question is whether the claim is also brought against Dawn Buckley. This is something of a close call, but, at most, DSA's complaint and the documents incorporated into it show that *DSA's attorney told Detective Nash* that both Buckleys told donors that DSA was going downhill. This is not the same as *DSA alleging to the court* that Dawn Buckley made a defamatory statement. There is no allegation that Dawn Buckley actually told donors this. The pleading is not perfect, and more clarity could be desired, but with no allegation that Dawn Buckley made a defamatory statement, the Court concludes that it would be inappropriate to grant the Buckleys' motion as to the duty to defend Dawn Buckley on the basis of the defamation per se claim.

As this is the only claim on which the Buckleys base their argument that American Family has a duty to defend, the Buckleys' motion is denied as to the duty to defend Dawn Buckley. The analysis continues regarding the duty to defend William Buckley.

      3.    *Are the Damages Claimed Less Than the Primary Limit?*

As noted above, the Umbrella Policy provides that, despite the general duty to defend claims of covered occurrences, American Family is not obligated to provide a defense if there is no applicable underlying insurance in effect at the time of the occurrence and the amount of damages claimed is less than the primary limit.

According to the Indiana Amendatory Personal Liability Umbrella Endorsement to the Umbrella Policy, the "primary limit," in the case of a loss not covered by underlying insurance listed in the declarations, means the greater of the amount recoverable under any other insurance available to the insured or the self insured retention listed in the declarations. (Umbrella Policy, 13, ECF No. 1-2). There is no underlying insurance here, because "underlying insurance" is defined as a policy covering a type of liability listed on the declarations page in the schedule of underlying insurance. *Id.* at 5. The coverages listed in the schedule pertain to car insurance, homeowners insurance, and recreational motor vehicle insurance; personal liability insurance is not mentioned. *See id.* at 2. Thus, the self insured retention provides the threshold that, if not met, will absolve American Family from its duty to defend. The declarations page points to the policy for the amount of self insured retention. *Id.* The policy states that the amount of self insured retention is $250 per occurrence for losses not due to farming or ranching operations. *Id.* at 18.

American Family appears to conflate the primary limit with the liability limit, arguing that it has no obligation to provide a defense if the claimed damages are under $1,000,000, which is the "limit" of the policy. According to the policy definitions, "limit" is "the limit of liability that applies for the coverage," but "primary limit" has a separate definition, as noted in the preceding paragraph. *Id.* at 5, 13. The definition for "primary limit" and not for "limit" applies.

American Family is not obligated to defend if the amount claimed is less than $250. American Family concedes that the damages claimed by DSA range from $160,940.27 to $250,000.00. Even if the Court looks at only damages claimed by the relevant occurrence, that is, alleged defamation by William Buckley, the Court is unable to conclude that the damages are under $250. Thus, the primary limit does not relieve American Family from the obligation to defend William Buckley.

### 4. *Do Any Exclusions Apply?*

American Family names several Umbrella Policy exclusions that it contends exclude coverage. The Acts or Omissions exclusion argument refers only to Dawn Buckley, so it is no longer material. The Business exclusion excludes business pursuits, and "business" is defined as "any profit motivated full or part-time employment, trade, profession or occupation, except farming/ranching." (Umbrella Policy, 4, 6, ECF No. 1-2). William Buckley was not paid for his role with DSA, and the alleged defamation occurred after his removal from DSA leadership, so it does not appear that the alleged defamation was a business pursuit; regardless, this argument is undeveloped by facts, law, or argument and is therefore waived. *See United States v. Collins*, 796 F.3d 829, 836 (7th Cir. 2015). The Expected or Intended exclusion fails for the same reasons regarding illusory coverage that the Court explained above regarding the argument that the defamation is not an accident and therefore not an occurrence. The Violation of Law exclusion, by American Family's own argument, does not relate to the defamation claim. The Punitive, Statutorily Imposed, or Court Ordered Damages exclusion relates to indemnity, not defense.

American Family next points to the Oral, Electronic, or Written Publication exclusion, which provides that American Family "will not cover personal injury arising out of oral, electronic, or written publication . . . [i]f done by or at the direction of any insured with knowledge of its

falsity." (Umbrella Policy, 16, ECF No. 1-2). American Family concedes that knowledge of falsity is not an element of defamation in Indiana. (Br. Supp. Resp. 17, ECF No. 29). It makes this concession to make its point that *some* defamation occurs without knowledge so the policy terms do not provide illusory coverage. It then proceeds to argue that it is *possible* that William Buckley defamed DSA and did so with knowledge of the falsity. Alluding to the procedural posture of this case, American Family contends that, in viewing the inferences most favorable to it, it is possible that the alleged defamation is excluded under the policy so the motion should not be granted.

However, the Court is not tasked with deciding the facts of the alleged defamation. Instead, the Court is tasked with determining whether there is a possible factual or legal basis on which the insurer might be obligated to indemnify. It is not enough to allege that American Family may not owe indemnity to the Buckleys; American Family must allege facts that, if true, establish that there is *no possible* factual or legal basis on which it might be obligated to indemnify William Buckley. It is possible, under the allegations of DSA's complaint, that William Buckley defamed DSA without knowledge of his statement's falsity. This possibility means that American Family may owe a duty to indemnify, which is enough to establish that this exclusion does not relieve American Family from the duty to defend.

American Family next argues that the Buckleys have not shown that they complied with the policy by paying the minimum required underlying insurance amount listed on the declarations page. As addressed above, however, the Umbrella Policy has no required underlying insurance for personal injury coverage. The policy provides that "[a] self insured retention will apply to each occurrence covered by this policy . . . [w]hen the occurrence is not covered by the underlying insurance. The amount of this self insured retention will be . . . $250 per occurrence for all [non-

11

farming/non-ranching] losses." (Umbrella Policy, 18, ECF No. 1-2). This argument does not provide a reason to find that American Family does not owe a duty to defend William Buckley.

The Court has reviewed the allegations of American Family's complaint. Even accepting all of the allegations as true and accepting all inferences in the light most favorable to American Family, American Family owes William Buckley the duty to defend him against DSA's complaint. The Buckley's motion is granted as to the duty to defend William Buckley.

### B. Duty to Indemnify

The Buckleys argue that the Court does not have subject matter jurisdiction over the request to determine whether American Family owes a duty to indemnify the Buckleys. The Court can only hear ripe claims, and a claim is unripe if it "rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all." *Texas v. United States*, 523 U.S. 296, 300 (1998) (internal quotation marks omitted). Indemnity cannot be determined before liability because the question of indemnity is not ripe if liability has not been established. *Lear Corp. v. Johnson Elec. Holdings Ltd.*, 353 F.3d 580, 583 (7th Cir. 2003) ("We regularly say that decisions about indemnity should be postponed until the underlying liability has been established.").

It is true that the Court is finding that American Family has no duty to defend Dawn Buckley, so it would appear that the Court may be able to make a ruling as to the duty to indemnify her. *See TIG Ins. Co. v. City of Elkhart*, 122 F. Supp. 3d 795, 800, 809 (N.D. Ind. 2015). However, it remains true that no determination has been made as to DSA's claims against the Buckleys in the underlying litigation. It is possible that neither Buckley will be found liable for any damages. It is also possible that amended pleadings may change the allegations and claims, thus affecting American Family's duties as to one or both Buckleys. Without liability being established,

American Family's request for judgment declaring that it has no duty to indemnify the Buckleys must be dismissed as unripe.

## CONCLUSION

Based on the foregoing, the Court hereby **GRANTS in part** and **DENIES in part** the Rule 12(c) Motion for Judgment on the Pleadings and Rule 12(b)(1) Motion to Dismiss [DE 22]. The motion is **GRANTED** as to the duty to defend William Buckley and as to the duty to indemnify. The motion is **DENIED** as to the duty to defend Dawn Buckley.

The Court **DECLARES** that American Family Insurance Company has the duty to defend William Buckley against DSA's complaint.

The Court **DISMISSES without prejudice** the request for judgment declaring that American Family has no duty to indemnify the Buckleys in the underlying litigation because the claim is unripe.

SO ORDERED on March 29, 2022.

s/ Joseph S. Van Bokkelen
JOSEPH S. VAN BOKKELEN, JUDGE
UNITED STATES DISTRICT COURT